IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIA THOMAS and JEROME PITTS, SR, As Guardians ad Litem for JEROME PITTS, JR., a minor, <br><br> Plaintiffs <br><br> v. <br><br> THE BOARD OF EDUCATION OF THE BRANDYWINE SCHOOL DISTRICT; JOSEPH BRUMSKILL, MARK HUXSOLL, SANDRA SKELLEY, OLIVIA JOHNSON-HARRIS, CRAIG GILBERT, DEBRA HEFFERNAN and NANCY DOOREY, all individually and in their official capacities as members of the Board of Education of the Brandywine School District; BRUCE HARTER, individually and his official capacity as Superintendent of the Brandywine School district; and RACHEL HOLT, individually, <br><br> Defendants. | C.A. No. 08-cv-205 JJF |

**ANSWER PRESENTING DEFENSES UNDER
FED. R. CIV. P. 12(b), AFFIRMATIVE DEFENSES, AND CROSS-CLAIM**

Pursuant to the Fed. R. Civ. P. 8, Defendants the Board of Education of the Brandywine School District (the "School Board"), Joseph Brumskill ("Brumskill"), Mark Huxsoll ("Huxsoll"), Sandra Skelley ("Skelley"), Olivia Johnson-Harris ("Johnson-Harris"), Craig Gilbert ("Gilbert"), Debra Heffernan ("Heffernan"), Nancy Doorey ("Doorey"), and Bruce Harter[1] (the "Superintendent,"), collectively referred to as "Answering Defendants," hereby answer Plaintiffs' complaint (the "Complaint"), state their general and specific denials, defenses

---

[1] Messrs. Brumskill, Huxsoll, Gilbert and Harter and Mses. Skelley, Johnson-Harris, Heffernan and Doorey are each referred to herein as an "Individual Answering Defendant" and collectively as the "Individual Answering Defendants." Messrs. Brumskill, Huxsoll, and Gilbert and Mses. Skelley, Johnson-Harris, Heffernan and Doorey are each a member of the School Board and are also referred to herein as a "School Board Member."

and affirmative defenses to Plaintiffs' Complaint, and Cross-claim against Defendant Rachel Holt ("Holt").

## Responding to Allegations in the Complaint

1. Admitted that Defendant School Board is a school board created by Delaware law pursuant to 14 Del. C. § 1001 et seq., and that it administers and supervises the public school district known as the Brandywine School District (the "District") pursuant 14 Del. C. § 1043. Admitted that the School Board has seven members: Messrs. Brumskill, Huxoll, and Gilbert and Mses. Skelley, Johnson-Harris, Heffernan and Doorey, each of whom are Defendants in this action in their individual and official capacities. By way of further answer, the School Board Members are elected officials who volunteer their time to serve on the School Board in furtherance of the public interest.

2. Admitted that Defendant Harter is the former Superintendent of the Brandywine School District, and that he was employed as Superintendent during the 2005-2006 school year. Answering Defendants cannot admit nor deny Plaintiffs' allegation that Defendant Harter was Superintendent "at all relevant times" without specification from Plaintiff as to the dates Plaintiff alleges are relevant.

3. It is admitted that Jerome Pitts, Jr. (the "Student") was a sixth grade student who attended Claymont Elementary School during the 2005-2006 school year and that Kia Thomas and Jerome Pitts, Sr. are his parents and legal guardians (the "Parents").

4. It is admitted that Defendant Rachel Holt ("Holt") was employed as a teacher in the District from 2002 until March 2006. It is specifically denied that Defendant Holt was an agent of the Answering Defendants and/or that Answering Defendants ratified, condoned, or approved of her misconduct. It is admitted that Holt was arrested on or about April 3, 2006

and charged with numerous criminal offenses and misconduct. By way of further answer, Answering Defendants promptly responded to Holt's arrest and the disclosure of her misconduct by establishing a crisis team to assist students, teachers and other employees at the school. Holt was terminated from the District. It is admitted that Defendant Holt was subsequently charged with a number of criminal offenses that are a matter of public record. Plaintiffs' attempt to characterize such charges, and/or any suggestion that any Answering Defendant had actual or constructive knowledge of the misconduct that lead to Holt's arrest before April 3, 2006, is denied. It is admitted that Defendant Holt pled guilty to a criminal charge. Her guilty plea is a matter of public record. It is specifically denied that any Answering Defendant had actual or constructive knowledge of Defendant Holt's misconduct before it occurred, or that Answering Defendants knew of, or should have known of, Defendant Holt's alleged misconduct. Answering Defendants further deny that they were indifferent to or recklessly, willfully, or wantonly ignored Defendant Holt's misconduct and/or that they acted unreasonably, outrageously, in bad faith, with personal malice, with an evil motive, or improperly at any time. Answering Defendants likewise deny that they accepted, approved, authorized, acquiesced in, excused, sanctioned or condoned Defendant Holt's misconduct. It is further denied that there is any factual or legal merit to Plaintiffs' claims with respect to the actions of Answering Defendants.

     5.    Admitted that jurisdiction and venue over Plaintiffs' claims is proper.

     6.    Plaintiffs' allegations against Answering Defendants in paragraphs 68-119 (i.e., Count I (42 U.S.C. § 1983), Count II (Assault and Battery), Count III (Negligence), Count IV (Gross Negligence), Count V (Breach of Fiduciary Duty), and Count VI (Fraud)) are denied in their entirety. Answering Defendants further deny that they violated any constitutional,

federal, state, or common law obligation to any Plaintiff, or that they otherwise committed any wrongful act or that any legal, equitable, or other relief of any kind is due to any Plaintiff.

7. Answering Defendants are without knowledge sufficient to form a belief as to Plaintiffs' allegations of harm or injury.

8. Answering Defendants deny each and every other factual and legal allegation of the complaint and will demand strict proof thereof.

### Failure to State a Claim

9. The complaint fails to state a claim upon which relief can be granted.

### Affirmative Defense – Insufficient Process

10. Plaintiffs, pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure, have failed to effect process upon Defendant Harter.

### Affirmative Defense – Insufficient Service of Process

11. Plaintiffs, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, have failed to effect service of process upon Defendant Harter.

### Affirmative Defense – Qualified Immunity

12. The Individual Answering Defendants are entitled to qualified immunity from suit in their individual capacities.

### Affirmative Defense – Delaware Tort Claims Act

13. Plaintiffs' claims against Answering Defendants are barred by the Delaware Tort Claims Act, 10 Del. C. § 4001, et seq.

### Affirmative Defense – Good Faith

14. Plaintiffs' claims fail in whole or in part because at all times each Answering Defendant acted reasonably, in good faith, and in compliance with applicable law.

### Affirmative Defense – Eleventh Amendment

15.  Defendant School Board and each Individual Answering Defendant in their official capacities are immune from suit in accordance with the Eleventh Amendment to the Constitution of the United States of America.

### Affirmative Defense – 42 U.S.C. § 1983

16.  Plaintiffs' claims against Answering Defendants, made pursuant to 42 U.S.C. § 1983, are barred because Answering Defendants did not have a custom, practice, or policy of acting with intentional, willful, deliberate, knowing, purposeful, or reckless indifference to Plaintiffs' United States Constitutional rights, nor did they cause a violation of Plaintiffs' United States Constitutional rights.

### Affirmative Defense – No Liability for Holt's Actions

17.  Answering Defendants are not liable for intentional acts of Defendant Holt, nor for her tortious misconduct directed to Plaintiffs.

### Affirmative Defense – Proximate Cause

18.  Plaintiffs' injuries, if any, were not proximately caused by Answering Defendants.

### Affirmative Defense – Failure to Adequately Plead Fraud

19.  Plaintiffs fail to plead Count VI (Fraud) with requisite particularity.

### Affirmative Defense – Doctrine of After-Acquired Evidence

20.  Plaintiffs' Complaint may be denied in whole or in part in accordance with the doctrine of after-acquired evidence.

### Affirmative Defense – Statute of Limitations

21. Some or all of Plaintiffs' causes of action are barred by applicable federal or state statutes of limitations, jurisdictional, and/or administrative requirements.

### Affirmative Defense – Contributory Negligence

22. Plaintiffs' claims are barred and/or reduced in whole or in part by Parents' contributory negligence.

## ANSWERING DEFENDANTS' CROSS-CLAIMS FOR INDEMNIFICATION AND CONTRIBUTION AGAINST DEFENDANT RACHEL HOLT

23. Answering Defendants reallege each of the allegations and denials set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. Answering Defendants deny that they are liable to Plaintiffs in any respect. However, in the event that the Answering Defendants are held liable to any of the Plaintiffs, then they cross-claim against Defendant Holt on the grounds that the conduct of Defendant Holt was the sole or primary cause of the damage allegedly sustained by the Plaintiffs and that Answering Defendants, if liable at all, are only secondarily liable. Answering Defendants, therefore, are entitled to indemnification from Defendant Holt.

25. In the event the Answering Defendants are held primarily liable to any of the Plaintiffs, then Defendant Holt's alleged wrongful acts are contributing causes of the damages allegedly sustained by the Plaintiffs and Answering Defendants are entitled to contribution in any amount which may be required to pay the Plaintiffs as a result of Defendant Holt's wrongful acts, based upon the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors' Law, 10 Del. C. § 6208.

WHEREFORE, Answering Defendants respectfully request that this Court: (i) dismiss this action with prejudice, with costs and attorneys' fees assessed against Plaintiffs; (ii) enter judgment in their favor with respect to the Answering Defendants' cross-claims against Holt; and (iii) grant such other and further relief as this Court deems just.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>/s/ *Barry M. Willoughby*
>Barry M. Willoughby (I.D. No. 1016)
>Maribeth L. Minella (I.D. No. 4185)
>The Brandywine Building, 17th Floor
>1000 West Street
>P.O. Box 391
>Wilmington, DE 19801
>Telephone: (302) 571-6666
>Facsimile: (302) 576-3345
>E-mail: bwilloughby@ycst.com
>Counsel to Answering Defendants

Date: April 21, 2008